**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

**REGINALD T. TAYLOR**                                                            **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 5:14-CV-12-R**

**ANTHONY M. WILLIAMS**                                                            **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff, Reginald T. Taylor, filed a *pro se*, *in forma pauperis* complaint pursuant to 42

U.S.C. § 1983.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)

and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by*

*Jones v. Bock*, 549 U.S. 199 (2007).  For the reasons set forth below, the action will be

dismissed.

## I. SUMMARY OF CLAIMS

Reginald T. Taylor, who was incarcerated in Georgia at the time of filing his complaint

but has since been released, filed a *pro se*, *in forma pauperis* complaint against Anthony M.

Williams, a barber in Hopkinsville, Kentucky.  Plaintiff alleges that "Mr. Williams testified

falsely while acting under color of state law as the state's witness at Mr. Taylor's 2011 trial."

Plaintiff alleges that Defendant testified that Plaintiff was involved "with the marijuana found in

the trunk of Williams' automobile."  Plaintiff asserts that his constitutional rights were violated

because Defendant misled or deceived the trial court by offering false testimony.  Plaintiff

alleges that he "was not afforded this constitutional protection resulting in a conviction and

prison sentence of 15 years to serve five years including a $100,000.00 fine."  As relief, he asks

for his conviction to be overturned and/or set aside.

## II. ANALYSIS

This Court must review the instant action.  *See* 28 U.S.C. § 1915(e)(2); *McGore v.*

*Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Here, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the *Heck* doctrine, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into

question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Nothing in the complaint suggests that Plaintiff's conviction was reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. Plaintiff appears to have been released from prison after serving his sentence.

Moreover, Defendant, a lay witness at Plaintiff's criminal trial, is entitled to absolute immunity from civil liability based on his trial testimony "no matter how egregious or perjurious" the testimony is alleged to have been. *Moldowan v. City of Warren*, 578 F.3d 351, 390 (6th Cir. 2009) (citing *Briscoe v. LaHue*, 460 U.S. 325, 328 (1983); *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999)). Thus, the only Defendant named in this action is immune from suit.

### III. **CONCLUSION**

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims.

Date:

cc:     Plaintiff, *pro se*
4413.009

3